64275. GILBERT v. THE STATE.

</div>

BIRDSONG, Judge.

Armed Robbery. Phillip Gilbert was indicted and tried for six counts of armed robbery, convicted of the first two counts only (being found not guilty of the last four counts) and sentenced to two consecutive twenty-year sentences, fifteen of the first twenty to serve and the last five together with the twenty years of Count 2 on probation. Gilbert brings this appeal in substance enumerating three alleged errors, one on the general grounds, one on a denial of a directed verdict of acquittal at the close of the state's evidence, and one on the denial of a severance of the several counts of the indictment. *Held:*

1. The evidence of this case shows that three black males at about 10:00 p.m., September 25, 1981, were waiting in a public parking area at the Downtowner Inn in Albany for patrons of the Inn to return to their parked cars. At about that time, the victims identified in Counts 1 and 2 approached the female victim's car. The victim (Justice) got into her car and as the other victim (Gill) was talking with her outside the car on the passenger side, they were approached by the three black males. Testimony was elicited that one of the men (Coleman) held a knife to Gill's throat and relieved him of his watch and wallet. Phillip Gilbert's brother, George Gilbert, entered Justice's car and removed jewelry and her pocketbook. Meanwhile the third male, whom Gill unequivocally identified as Phillip Gilbert, was attempting to open the driver's door (which was locked). The three men then fled.

A short while later, three men using the same procedure in the

Downtowner lot robbed Jackson at knife point taking his wallet. Shortly after midnight, three black males using the same modus operandi robbed a Mrs. Fitz and the couple accompanying her, Mr. and Mrs. Hinson, in the Sheraton parking lot at knife point, taking the man's wallet and pocket money and the women's jewelry. The victims were generally able to connect Coleman and George Gilbert to the robberies but only Gill was able to identify Phillip Gilbert as being the third robber. The last victims were able to follow the robbers for a short distance in a car and obtained the license number. They immediately notified the police who chased the suspected car containing three black males. When the car was stopped, two of the males escaped, but the third was apprehended. George Gilbert and Coleman confessed to the robberies of all six victims and each entered pleas of guilty at separate trials. Each identified as the third robber a person different from Phillip Gilbert. Gilbert offered an alibi for the time involved in the robberies. In the car in which the robbers fled, much of the stolen contraband from the six robberies was recovered, and from the left rear window fingerprints belonging to Phillip Gilbert were lifted.

As to the general grounds, we find that the evidence, viewed in a light most favorable to the verdict, supports a finding by any rational trier of fact of the essential elements of the crime of armed robbery beyond a reasonable doubt. *Thomas v. State,* 245 Ga. 688, 690 (1) (266 SE2d 499); *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528). There is no merit in this enumeration.

2. Likewise, we find no merit in the trial court's denial of the motion for a directed verdict of acquittal. Though there was substantial evidence that one other than Phillip Gilbert may have been the third robber, there was unshaken testimony by an eyewitness victim that Phillip Gilbert was directly involved in at least the robberies of Justice and Gill. (Phillip Gilbert was acquitted by the jury as to the remaining four counts.) The car in which the three robbers departed the scene contained much of the personal belongings forcibly removed from the victims and contained the fingerprints of Phillip Gilbert. While Gilbert offered an explanation for these fingerprints, obviously this explanation was rejected by the jury. Only where there is no conflict in the evidence and a verdict of acquittal is demanded as a matter of law is it error for a trial court to refuse to direct a verdict of acquittal. *Merino v. State,* 230 Ga. 604 (198 SE2d 311); *Allen v. State,* 137 Ga. App. 302, 303 (223 SE2d 495).

3. In his last enumeration of error, Gilbert argues the trial court erred to his serious prejudice by refusing to sever the several counts of unrelated robberies. It is clear that the same modus operandi was used in each of the three separate episodes. Three black males would

subdue a male accompanying a female at knife point and forcibly remove wallets and jewelry when the victims approached their automobiles in a public parking lot. The three episodes occurred all in one night in parking lots in downtown Albany over a period of several hours. The discovery of all the items of the property recovered occurred at one time after the last episode.

The decision to grant a severance rests within the sound discretion of the trial judge, who may balance the interests of the state and the accused by considering such factors as whether the same evidence would be necessary and admissible in each count, and whether the joining of counts in one trial might confuse the jury. *Clemson v. State,* 239 Ga. 357, 360 (1) (236 SE2d 663); *Jarrell v. State,* 234 Ga. 410, 412 (1) (216 SE2d 258). It is not an abuse of that discretion in the interest of justice and economy for the judge to refuse a motion for severance of the trial of multiple charges where the crimes alleged were part of a continuous transaction or series of similar transactions conducted over a relatively short time, and from the nature of the entire transaction, it would be difficult to present to a jury evidence of one of the crimes without also referring or permitting evidence of the others. *Henderson v. State,* 227 Ga. 68, 76 (179 SE2d 76). We find no abuse of discretion under the facts of this case and thus no merit in this enumeration of error.

*Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 14, 1982 —
REHEARING DENIED OCTOBER 4, 1982 — 

*William H. Hedrick,* for appellant.
*Hobart M. Hind, District Attorney,* for appellee.