71951. THOMAS v. THE STATE.
(344 SE2d 496)

SOGNIER, Judge.

Appellant was convicted of child molestation and enticing a child for indecent purposes. In his sole enumeration of error appellant contends the trial court erred by denying his motion for a mistrial.

On direct examination appellant testified that he had never been arrested and charged with a crime prior to the incident involved in this case. On cross-examination the prosecutor asked: "Since this incident, you have been arrested on a sex charge; haven't you?" Appellant asked immediately for a hearing outside the presence of the jury at which he objected to the question and moved for a mistrial on the ground that appellant's testimony related to *prior* arrests, and he

could not be impeached by an arrest subsequent to the incident here because the proper method of impeachment is through introduction of certified copies of convictions.

No evidence of a defendant's general bad character or prior convictions shall be admissible against him at trial unless and until the defendant shall have first put his character in issue. OCGA § 24-9-20 (b). Assuming that appellant's testimony about the absence of prior arrests placed his character in issue, we must determine whether any basis existed for the State's question on cross-examination. While OCGA § 24-9-82 provides that a witness may be impeached by disproving the facts testified to by him, the State's question about an arrest *subsequent* to the incident in question would not serve to disprove or impeach appellant's testimony concerning arrests *prior* to the alleged incident involved here.

A witness may also be impeached by evidence as to his general bad character. OCGA § 24-9-84. However, it is not competent to discredit a witness by showing that he has committed, been arrested for, confined for, or even indicted for such an offense. *McCarty v. State*, 139 Ga. App. 101, 103 (1) (227 SE2d 898) (1976); *Henderson v. State*, 161 Ga. App. 211, 212 (1) (288 SE2d 284) (1982). "Our law is that conviction impeaches; accusation does not." *Johnson v. State*, 144 Ga. App. 406 (1) (240 SE2d 919) (1977); *Strickland v. State*, 166 Ga. App. 702, 703 (305 SE2d 434) (1983). Thus, asking appellant if he had been arrested subsequent to the incident in question was not a proper method of impeaching appellant. *McCarty, Strickland*, supra. Since both the transcript and appellee's brief show that the State's question was for the purpose of impeachment, it was error to allow the question. The error was compounded by the prosecutor going further into details of the arrest after the motion for a mistrial was denied. The State's reliance on *State v. Braddy*, 254 Ga. 366 (330 SE2d 338) (1985) is misplaced, for that case deals with *past* conduct of a defendant, whereas here we are dealing with *subsequent* conduct.

The sole issue in this case was credibility of the witnesses, since the alleged victim in this case testified appellant molested him and appellant testified that he did not molest the victim. Under such circumstances we cannot say that the errors were harmless, and thus, the trial court erred by denying appellant's motion for a mistrial. *Strickland*, supra.

*Judgment reversed. Banke, C. J., and Birdsong, J., concur.*

DECIDED APRIL 7, 1986.

*J. Douglas Willix*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E.*

*Hicks, Assistant District Attorneys*, for appellee.