## 71743. PITTMAN v. THE STATE.
### (344 SE2d 511)

BENHAM, Judge.

Appellant was convicted of two counts of child molestation and seeks reversal of the judgment on four grounds. We find none of the grounds meritorious and affirm.

1. Appellant first claims that the trial court erred in failing to strike the testimony of the 13-year-old victim, arguing that she had not been examined and qualified by the trial court as competent to testify. The record shows that the young witness was sworn in, that the court instructed the prosecuting attorney to conduct the voir dire, and that after several questions, appellant's counsel said, "I think that the witness is qualified to testify verbally." The prosecuting attorney continued his direct examination of the witness without a competency objection from appellant. No such objection was made until appellant was to begin his cross-examination; the trial court responded by stating that appellant had made an admission in judicio that the witness was competent and qualified to testify, on which the trial court relied and appellant agreed. Under the circumstances, we find no basis for the error asserted. OCGA § 24-9-7 (b). See also *Marlow v. Lanier*, 157 Ga. App. 184, 185 (276 SE2d 867) (1981).

2. Appellant complains of the trial court's admission into evidence of State's Exhibit 1, an anatomically correct diagram representing the victim's body with circles drawn around the mouth and left hand on the diagram. During the victim's direct examination, the prosecuting attorney asked her to circle on the diagram the parts of her body with which appellant wanted her to touch him. She did so and went on to testify orally to the effect that she manipulated appellant's sex organ with her hand, but she did not state where on appellant's body she placed her mouth. When she was shown State's Exhibit 2, an anatomically correct diagram representing appellant's body, and was asked to circle which part of his body he made her touch, she circled his sex organ. Appellant argues that the circle around the mouth on State's Exhibit 1 had no probative value, was irrelevant and highly prejudicial, and should have been excluded under OCGA § 24-2-1. We disagree. The diagram was relevant evidence. " 'Any evidence is relevant which logically tends to prove or disprove a material fact which is at issue in the case, and every act or circumstance serving to elucidate or to throw light upon a material issue or issues is relevant.' [Cits.] . . . [T]he trial court has wide discretion in determining relevancy and materiality, and furthermore, where the relevancy or competency is doubtful, [the evidence] should be admitted, and its weight left to the determination of the jury. [Cits.]" *Owens v. State*, 248 Ga. 629, 630 (284 SE2d 408) (1981). Since the evidence tending to show whether appellant sought to have the

victim place any part of her body in contact with his was relevant to a determination whether appellant was guilty of child molestation, the trial court did not abuse its discretion in allowing the diagram as tendered into evidence.

3. Appellant's third enumeration of error challenges the trial court's refusal to allow him to question the victim about an incident involving her, her stepfather, and another man. Appellant's response to the State's objection was that the incident related to the witness' credibility. However, appellant made no offer of proof or other showing that the incident was in any way material to the issue of appellant's guilt of the crime charged. Therefore, the trial court did not err in sustaining the objection. *Gilbert v. State*, 159 Ga. App. 326 (2) (283 SE2d 361) (1981).

4. Appellant's final enumeration focuses on the trial court's failure to grant appellant's motion in limine, in which he sought to prevent the introduction of evidence that another child molestation had allegedly been committed by appellant against another female victim. Appellant argues that the admission of the testimony impermissibly placed his character into evidence and that the prejudicial effect outweighed the probative value. We find no error. " '[I]n child molestation cases evidence of other similar or connected sexual offenses against children is admissible to corroborate the testimony of the victim as well as to show the lustful disposition of the defendant. [Cits.]' " *Anglin v. State*, 173 Ga. App. 648, 652 (327 SE2d 776) (1985).

*Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED APRIL 8, 1986.

*Clyde M. Urquhart*, for appellant.
*Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney*, for appellee.