## 73891. WILLIAMS v. THE STATE.
### (353 SE2d 563)

DEEN, Presiding Judge.

The appellant, Willie Otis Williams, was convicted of rape, kidnapping, and aggravated sodomy. On appeal, he contends that the trial court erred in admitting into evidence a composite drawing by a police artist, and that the trial court erred in not declaring a mistrial

when the prosecutor asked the appellant about having recently been charged with another criminal offense.

At approximately 11:00 p.m., on April 5, 1985, the victim pulled into the parking lot of the apartment complex on Roswell Road in which she resided. As she started to exit her car, a man approached her and asked if she knew someone named Paul who lived there. The victim attempted to close her car door, and the man put a gun to her head and told her to move over. He then drove the car to a location behind the apartment complex, where he raped and sodomized her. Afterwards, he drove the car back to the parking lot, where he departed on foot. Because the victim's description of her assailant was so vivid, the investigating officers arranged for her to meet with a police artist on April 9, 1985, the result of which was a composite drawing of the assailant.

On April 10, 1985, another young woman was similarly approached as she pulled into the parking lot of the Roswell Road apartment complex where she lived. The assailant put a razor blade to her throat and attempted to undress her, but she resisted and managed to dissuade him from continuing. The officer investigating this incident showed this victim the composite drawing of the assailant from the earlier incident, and this second victim immediately identified it as a sketch of her assailant.

On April 28, 1985, the appellant was a passenger in a vehicle stopped for a traffic violation on Roswell Road. He was arrested when the police officer who had stopped the vehicle observed that he closely resembled the composite drawing of the assailant in the two incidents. Subsequently, both victims positively identified the appellant as their assailant in a photographic line-up on May 13, 1985, as well as at the trial.

At trial, the appellant acknowledged that the composite drawing resembled himself. On cross-examination, after the appellant denied ever having used a gun during the previous year, the prosecutor confronted him about recently having been charged with pointing a pistol at someone. The appellant admitted the charge, but denied guilt. Because of this line of questioning, counsel for the appellant moved for a mistrial, which the trial court denied. *Held*:

1. Because the police artist did not testify at the trial, the appellant contends that the composite drawing was inadmissible hearsay and thus was improperly admitted into evidence. This contention is without merit. If the composite is to be considered as an out-of-court statement, it was the statement of the victim, who was present at the trial and subject to cross-examination, and the hearsay rule is inapplicable. Cf. *Webb v. State*, 154 Ga. App. 395 (268 SE2d 438) (1980).

2. The prosecutor's cross-examination of the appellant about recently having been charged with pointing a pistol at someone was an

improper line of questioning. The appellant had denied using a gun during the previous year, and competent evidence disproving that testimony would have been proper impeachment. See OCGA § 24-9-82, generally; *Thomas v. State*, 178 Ga. App. 674 (344 SE2d 496) (1986). However, merely showing an accusation of the misdemeanor offense was insufficient for that purpose. Nevertheless, considering the extensive evidence of the appellant's guilt, we have little difficulty concluding that it is highly probable that this improper impeachment did not contribute to the verdict and thus did not constitute reversible error. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED JANUARY 26, 1987 —
REHEARING DENIED FEBRUARY 9, 1987 — 

*Michael R. Schumacher*, for appellant.
*Lewis R. Slaton*, District Attorney, *H. Allen Moye*, Assistant District Attorney, for appellee.