## 76539. ORTIZ v. THE STATE.
(374 SE2d 92)

BIRDSONG, Chief Judge.

Appellant Daniel Ortiz appeals his conviction of one count of aggravated child molestation and three counts of child molestation. He was sentenced to 21 years in custody on the aggravated child molestation count and concurrently, to 20 years, with 15 in custody, on each child molestation count. Appellant seeks reversal on seven grounds. *Held*:

We find none of them meritorious.

1. Appellant claims the trial court erred in granting the State's motion in limine which excluded testimony regarding molestation of these victims by persons other than the appellant. Appellant contends that such testimony should be admissible as being part of conversations previously admitted into evidence by the State. Appellant cites *Strickland v. State*, 164 Ga. App. 845, 847 (297 SE2d 491), where this court held that " '(w)here counsel for one party elicits from a witness part of a conversation, the other [party] is entitled to have the witness state all that was said at the time and in the same conversation.' "

A careful reading of *Strickland* and supporting case law reveals that the rule is limited to situations where the omitted conversation is relevant and serves to explain the previously admitted portions. "It is the universal rule, in both civil and criminal cases, that, if part of a conversation is introduced, all that is said in the same conversation which is relevant to the issue should be admitted." *West v. State*, 200 Ga. 566 (1) (37 SE2d 799).

In the present situation, appellant seeks to introduce testimony which is in no way relevant to the admitted testimony. It relates only to other perpetrators who allegedly molested the victims, not the appellant. This would only add new and unrelated issues to the case. The past sexual experiences of a child in a case such as this, where consent is not a defense, is irrelevant as to the issue of whether molestation was committed by the defendant. *Chastain v. State*, 257 Ga. 54, 55 (354 SE2d 421). Such testimony is not only collateral and immaterial to the present case against the appellant, it also confuses the issues and as such we find no error in its exclusion.

Nevertheless, appellant asserts evidence of molestation by other persons is relevant and necessary to support the defense of misidentification. Although the ruling on the motion prevented appellant from cross-examining the victims about prior incidences of molesta-

tion, appellant had full and ample opportunity to raise the issue of misidentification by itself. He failed to do so. At no point in the trial did the appellant question the victims as to their recognition of the appellant as the person who molested them. Moreover, the fact that the appellant is the grandfather of the victims would as a general proposition indicate that misidentification was highly unlikely. We conclude that if there was an issue of fact as to misidentification, it was not such as to render relevant and necessary the admission of this otherwise irrelevant and prejudicial evidence that other persons had molested the victims. As it is within the sound discretion of the trial court to limit the scope of cross-examination, the trial court did not abuse this discretion, nor did it err in granting the State's motion in limine. *Rhodes v. State*, 168 Ga. App. 10 (308 SE2d 33).

In addition, appellant asserts such testimony should be admissible as to the credibility of the victims. This very question was recently addressed in *Pittman v. State*, 178 Ga. App. 693 (344 SE2d 511).

In *Pittman*, as in the present case, the trial court refused to allow the appellant to cross-examine a child molestation victim about an incident involving persons other than that appellant. Although the appellant in *Pittman* also argued that such line of questioning relates to the victim's credibility, the court held that since the appellant offered no proof or other showing that the incident was in any way material to the issue of appellant's guilt of the crime charged, its exclusion was correct. We fail to recognize the relevance and necessity of such questioning. The introduction of past sexual experiences of the victims is not only irrelevant and prejudicial, but it also fails to address the issue of credibility. A child is no more or no less credible because of prior incidents of molestation. We find no merit in appellant's contention that the trial court erred in excluding testimony regarding molestation of the victims by persons other than appellant.

2. In his second enumeration of error, appellant claims he was denied his constitutional right to confront the witnesses. Because of the tender ages of the victims, the trial court allowed the witness chair to be turned at an angle so the victims would not be forced to directly face the appellant. The trial court assured there would be "at least as good as a 90 degree angle [of the child's face] with the jury," and the record reflects no transgression from this assurance.

The Sixth Amendment states: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." U. S. Const. Art. IV. The right secured to criminal defendants by this amendment is applicable to the states by operation of the Fourteenth Amendment. *Pointer v. Texas*, 380 U. S. 400, 403 (85 SC 1065, 13 LE2d 923).

"The primary object of the [confrontation clause is] . . . a per-

sonal examination and cross-examination of the witness in which the accused has an opportunity, not only of testing the recollection and sifting the conscience of the witness, but of compelling him to stand face to face *with the jury in order that they may look at him,* and judge his demeanor upon the stand and the manner in which he gives his testimony whether he is worthy of belief." (Emphasis supplied.) *Kentucky v. Stincer,* 482 U. S. __ (slip op. p. 5), quoting *Mattox v. United States,* 156 U. S. 237, 242 (15 SC 337, 39 LE 409).

The right of confrontation is provided "not for the idle purpose of gazing upon the witness or *of being gazed upon by him,*" but, rather to allow for cross-examination. (Emphasis supplied.) 5 J. Wigmore Evidence § 1397, p. 150 (J. Chadburn Rev. 1974). See also *Davis v. Alaska,* 415 U. S. 308, 316 (94 SC 1105, 39 LE2d 347). In *Coy v. Iowa,* 56 LW 4931, Blackmun, J. (dissent) stated that the ability of the witness to see the defendant while the witness is testifying does not constitute an essential part of the protections afforded by the confrontation clause. Confrontation is guaranteed "for the purpose of cross-examination which can not be had except by the direct and personal putting of questions and obtaining immediate answers." Id. at 4936.

In *Coy,* the U. S. Supreme Court held that a one-way screen which is specifically designed to enable the complaining witnesses to avoid viewing the appellant as they give their testimony violated the defendant's right to a face to face encounter. A literal interpretation of this statement must be limited to situations in which it is *impossible* for the witness to view the defendant, for the majority in *Coy* specifically states that the confrontation clause does not, of course, compel the witness to fix his eyes upon the defendant; he may studiously look elsewhere, but the trier of fact will draw its own conclusions. *Coy* at 4933. Although in the present case the angle of the witness chair did make it possible for the young victims to avoid looking directly into the eyes of the appellant, it was also possible that the victims could see the appellant with the mere turning of their head. There was no physical device used in this case that made it impossible for the witness to avoid viewing the appellant. Not only did the appellant have the opportunity to a thorough and sifting cross-examination of each victim, but the victims' in-court testimony occurred in view of the judge and jury, who were able to observe their demeanor and determine the credibility of their testimony.

The U. S. Supreme Court has time and again stated that the confrontation clause "reflects a *preference* for face to face confrontation at trial," but this preference may be overcome in a particular case if close examination of "competing interests" so warrants. (Emphasis supplied.) *Coy,* supra at 4934. *Ohio v. Roberts,* 448 U. S. 56, 63-64 (100 SC 2531, 65 LE2d 597). See also *Chambers v. Mississippi,*

410 U. S. 284, 295 (93 SC 1038, 35 LE2d 297), where the court said, "[o]f course, the right to confront . . . is not absolute and may, in appropriate cases, bow to accommodate other legitimate interests in the criminal trial process."

Clearly, the prosecution of child sex abuse cases poses substantial difficulties because of the emotional trauma frequently suffered by child witnesses who must testify about the sexual assaults they have suffered. *Coy*, dissent at p. 4936. " '(T)o a child who does not understand the reason for confrontation, the anticipation and experience of being in close proximity to the defendant can be overwhelming.' [Cit.]" Id. at 4936.

This court is unable to recognize any compelling logical reason for which a victim of child molestation would be forced into direct eye to eye contact with the appellant at all times. The right to confrontation is a right to ask and secure answers to questions from a witness who is present in court and in full view of the trier of fact. See *Lingerfelt v. State*, 235 Ga. 139, 140 (218 SE2d 752). This condition was satisfied by the trial court's resolution in this case. In many cases, to require eye-to-eye contact between the victim and the appellant would not only be intimidating, and very possibly exacerbate the damage done them, but it also serves no meaningful purpose in the search for truth. Would the victim be more likely to tell the truth if forced to stare the defendant in the face? Certainly not as a matter of law and certainly not as a matter of fact. We have no information as to such a proposition and only superstition would suggest it.

The victims are at a tender age and they understand their obligation to tell the truth. The mere fact that the trial court used its discretion in allowing the victims to sit at an angle where they would not have to directly face the appellant in no way violated the appellant's constitutional right to confrontation. The appellant had the full opportunity to confront each victim with a thorough and sifting cross-examination and to expose each victim to the court and jury.

Thus, we find no error in this enumeration.

3. As his third enumeration of error, appellant claims the trial court erred in admitting testimony by the mother of one of the victims concerning allegations made by her child to her against the appellant. OCGA § 24-3-16 admits into evidence any statements "made by a child under the age of 14 years describing any act of sexual contact or physical abuse performed with or on the child by another" provided that two conditions are met: (1) the child is available to testify in the proceedings; and (2) the trial court finds the circumstances of the statements provide sufficient indicia of reliability.

The standard to be applied in determining whether a statement sought to be introduced under § 24-3-16 provides sufficient indicia of reliability has been discussed by this court in *Newberry v. State*, 184

Ga. App. 356 (361 SE2d 499). In *Newberry*, the court considered atmosphere, circumstances, spontaniety, and demeanor in judging the reliability of the statement. In the present case, these factors and more were considered. The State presented testimony concerning the purpose of the meeting, the child's condition, the absence of threats or promise of benefits, the absence of drugs or alcohol, the time, the place, the people present, the child's age, the child's general credibility, and the child's demeanor. Such testimony provides or at least equals the indicia of reliability present in *Newberry*. Thus, we find no merit in this enumeration.

4. In his fourth enumeration of error, appellant complains the trial court erred in failing to give his requested charge on the credibility of the youthful witnesses.

The trial court gave the substance of the requested charge though not in the identical language. This court has repeatedly held that a trial court's failure to charge in the exact language requested is not error where the substance of the request is given in legally sufficient and correct terminology. *Nelson v. State*, 247 Ga. 172, 177 (12) (274 SE2d 317); *Walls v. State*, 166 Ga. App. 503 (304 SE2d 547). This enumeration is without merit.

5. Appellant also contends that the trial court erred in allowing two of his adult daughters to testify that the appellant had molested them when they were young girls. Appellant objected to the admissibility of such evidence on the basis that the prior sexual acts were too far removed in time to be admissible as similar acts or transactions, citing *Pickelseimer v. State*, 154 Ga. App. 223 (267 SE2d 845).

"Although lapse of time is one of the more important factors to weigh in considering the admissibility of evidence of similar crimes, it is not wholly determinative." *Cooper v. State*, 173 Ga. App. 254, 255 (325 SE2d 877). In *Cooper*, as in the case sub judice, the appellant was convicted of sexually molesting his granddaughters. As in this case, the appellant's daughters in *Cooper* testified that they were molested by the appellant when they were the age of the victims. In response to the appellant's time-span argument in *Cooper*, which also relied on *Pickelseimer*, the court stated that "[o]bviously many years are going to elapse between the time such acts occur with his daughters and the time such acts occur with the children of [his] daughters. Under such circumstances, we do not believe the lapse of time between the independent crimes and the offenses charged is a determinative factor which would make such evidence inadmissible." *Cooper*, supra at 255. As the circumstances of time span are precisely those in *Cooper*, the trial court did not err in admitting the testimony as to similar acts of molestation.

6. Appellant raises the general grounds. We have carefully reviewed the record and find that the evidence is such that a rational

trier of fact could thereon find guilt beyond any reasonable doubt. *Chapman v. State*, 170 Ga. App. 779 (1) (318 SE2d 213); see *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560).

7. Appellant contends the sentence imposed by the trial court constitutes cruel and unusual punishment. OCGA § 16-6-4 (b) provides that the sentence for child molestation be punishment by imprisonment for not less than one nor more than 20 years. OCGA § 16-6-4 (d) provides the sentence for aggravated child molestation be punishment by imprisonment for not less than two nor more than 30 years. The sentence of the trial court on each of the three counts of child molestation was 20 years, with 15 in confinement and the sentence on the aggravated child molestation count was 21 years in custody, with all sentences to run concurrently. The sentences are clearly within the statutory limits and therefore appellant's contention of cruel and unusual punishment is meritless. *Sherrell v. State*, 170 Ga. App. 798 (318 SE2d 221); *Fain v. State*, 165 Ga. App. 188 (300 SE2d 197). This court is without authority to review sentences that are within the statutory range. Id.

*Judgment affirmed. Banke, P. J., and Beasley, J., concur.*

DECIDED SEPTEMBER 7, 1988 —
REHEARING DENIED SEPTEMBER 23, 1988

*Leonard C. Parks, Jr.*, for appellant.
*C. Andrew Fuller, District Attorney, Anne H. Watson, Assistant District Attorney*, for appellee.

