A90A0079. MURPHY v. THE STATE.
(395 SE2d 76)

BIRDSONG, Judge.

Murphy appeals his convictions of child molestation by engaging in sexual intercourse with a child under 14 years of age, his neighbors' daughter, and of incest by engaging in sexual intercourse with his daughter. He was sentenced to serve five years in prison on the first count and ten years on the second with the sentences to run consecutively. *Held*:

1. Murphy enumerates as error the trial court's denial of his motion to dismiss the indictment because it was vague and overly broad as to time of the offense. The record shows that both counts of the indictment alleged that Murphy committed the offenses "on and between [the dates of] January 1, 1987, and May 10, 1987. . . ." Murphy contends that alleging the date of the offenses in this manner violates OCGA § 17-7-54 because the indictment fails to "state with sufficient certainty . . . the time and place of committing the same" as required by the code section. This enumeration is without merit. The indictment alleged specific dates as required, and, in any event, the State was not limited to proving that the offense was committed only on a specific date alleged. *Keri v. State*, 179 Ga. App. 664, 668 (347 SE2d 236); *Carpenter v. State*, 167 Ga. App. 634, 642 (307 SE2d

19), aff'd 252 Ga. 79 (310 SE2d 912).

2. For the reason expressed in Division 1, the trial court did not err by charging the jury that they could consider evidence of all offenses occurring within the four-year period of limitations. *Carpenter v. State*, supra. Thus, Murphy's enumeration of error to that effect is without merit.

3. Murphy also alleges that the trial court erred by denying his motion to dismiss the indictment because of certain violations of his constitutional rights. Review of the record shows that Murphy's motion asserted violations of his rights to due process and equal protection of the laws and of his right against cruel and unusual punishment. Since Murphy's brief, however, argues only that he was denied equal protection of the law, the other grounds asserted in the motion are deemed abandoned. Court of Appeals Rule 15 (c).

Murphy's argument asserts that as his daughter was sexually active with others, the prosecution of Murphy for incest without prosecuting others who had sexual relations with his daughter and his daughter for fornication, violates his right to equal protection of the laws. Assuming these allegations have some basis in fact and that such prosecutions were legally possible, Murphy's argument nevertheless fails to state a violation of his constitutional rights because he has failed to even allege that he was prosecuted because of some unjustifiable standard based upon intentional and purposeful discrimination. See *Sabel v. State*, 250 Ga. 640, 643 (300 SE2d 663); *Carver v. State*, 185 Ga. App. 436, 438 (364 SE2d 877).

4. Murphy also contends that the trial court erred in denying his motion to sever the trial of the two offenses in the indictment. He argues that the proof presented on each count of the indictment standing alone was insufficient to gain a conviction, but together the testimony would confuse the jury and harm the appellant. We find no merit in this argument. The offenses arose from the same conduct, occurred at the same place, and were so similar that they show a common plan, scheme, and identical modus operandi. Further, as it is clear that the evidence supporting each offense would have been admissible in any trial of the other offense, Murphy was not prejudiced by the denial of his motion. Accordingly, the trial court did not abuse its discretion in denying the motion. *Barber v. State*, 176 Ga. App. 103, 104 (335 SE2d 594); *Mack v. State*, 163 Ga. App. 778 (296 SE2d 115); *Gilbert v. State*, 163 Ga. App. 688, 689 (295 SE2d 173).

5. Murphy also enumerates as error the trial court's allowing testimony about sexual offenses he committed with his daughter other than that alleged in the indictment, without prior notice as required by Superior Court Rules 31.1 and 31.3. Murphy's argument, however, does not identify that testimony of which he complains. To the extent that the testimony concerned offenses which occurred within the pe-

riod of limitations, Rule 31.3 does not apply. *Garrett v. State,* 188 Ga. App. 176, 177 (372 SE2d 506); *Bowman v. State,* 184 Ga. App. 197 (361 SE2d 58). Moreover, to the extent that this enumeration concerns other evidence, we find that since the testimony concerned acts against a victim in the case which, although not immediately related in time and place, were part of a continuous pattern, and considering all the evidence of Murphy's guilt, it is highly probable that such error, if any, did not contribute to Murphy's conviction. *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869).

6. Murphy asserts that "[n]umerous errors were committed at the trial, all of which caused irreparable harm. . . ." He then asserts several such purported instances. Our law requires that enumerations "shall set out separately each error relied upon" (OCGA § 5-6-40), and accordingly, we will only address those errors separately enumerated.

We thus find that the trial court did not err by excluding evidence concerning allegations that Murphy's daughter was flirtatious with her stepfather because the Rape Shield Statute, OCGA § 24-2-3, bars such evidence. This is not a case like *Smith v. State,* 259 Ga. 135, 136-138 (377 SE2d 158), in which the evidence excluded concerned false allegations of sexual abuse by the victim. Further, we note that the transcript shows that Murphy, in fact, was permitted to elicit some evidence about his daughter which he now complains was excluded, and the transcript shows that those matters which were excluded were not relevant to the issues in the case. Therefore, the trial court did not abuse its discretion by excluding such testimony.

Murphy also alleges that the trial court erred by not granting a mistrial because his ex-wife, the mother of the victim, testified that she divorced Murphy because he had sexually abused their daughter. The authorities Murphy cites concerning opinion evidence have no application here because the witness did not give an opinion. Also, we note that the comment complained of was unresponsive to the question posed by the prosecutor, and the trial court took corrective action. Further, whether to grant a mistrial is within the sound discretion of the trial court, and we will not disturb its decision absent an abuse of discretion. *Buxton v. State,* 253 Ga. 137, 139 (317 SE2d 538). In the context of this case, there was no abuse of discretion.

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED JUNE 11, 1990.

*Ellis C. Smith,* for appellant.
*William G. Hamrick, Jr., District Attorney, Peter J.*

*Skandalakis, Assistant District Attorney*, for appellee.