A90A0182. STORY v. THE STATE.
(396 SE2d 547)

CARLEY, Chief Judge.

After a jury trial, appellant was found guilty of molesting his young daughter. Appellant brings this appeal from the judgment of conviction and sentence entered by the trial court on the jury's guilty verdict.

The sole enumeration is that the trial court erroneously denied appellant's motion for mistrial when the State introduced evidence of a similar offense without having given the notice required by Uniform Superior Court Rules 31.1 and 31.3. The State relies upon *Garrett v. State*, 188 Ga. App. 176 (1, 2) (372 SE2d 506) (1988) for the proposi-

tion that no notice was required. However, *Garrett* is clearly distinguishable from the instant case. The similar offense admitted here had taken place almost a year *after* the occurrence of the offense for which appellant was being tried. Thus, evidence of the similar subsequent offense *would* have been admissible upon the State's compliance with Rule 31.3 (B), but would not come within the res gestae *exception* that is provided by Rule 31.3 (E). Compare *Garrett v. State*, supra at 176 (1). Even though the date alleged in the indictment was not an essential averment, the similar offense admitted here, although within the statute of limitations, was not *so* similar as to be admissible as direct evidence of the crime charged. Compare *Garrett v. State*, supra at 177 (2). Compare also *Murphy v. State*, 195 Ga. App. 878 (395 SE2d 76) (1990), wherein the evidence of similar offenses was not identified on appeal and this court correctly held that *Garrett v. State*, supra, would be controlling insofar as that unidentified evidence may have concerned offenses which were so similar as to be admissible as direct evidence of the crime charged in the indictment. Unlike *Garrett*, the indictment alleged that appellant had molested the victim in a specific manner, whereas the subsequent similar offense involved an act of alleged molestation committed against the victim in a totally *different* manner.

The State's assertion that the similar offense was admissible to prove appellant's bent of mind and intent is irrelevant. The error in admitting the evidence was procedural, not substantive. "The purpose is irrelevant, for the State must give notice regardless of its purpose in introducing the evidence. USCR 31.3 covers the evidence, at least if it is offered in the case in chief, as here. The question of purpose enters in only when objection is interposed regarding admissibility under OCGA § 24-9-20. [Cit.] Since no notice was ever given, violation of the Rule rendered the evidence inadmissible." *Baker v. State*, 193 Ga. App. 498, 500 (2) (388 SE2d 402) (1989).

"[A] violation of the rule must result in prejudice to the defendant. The rule clearly presupposes that the State's failure to comply with the rule will result in harm to the defendant by failing to give him adequate notice of the similar transactions sought to be used by the State. Consequently, non-compliance with the rule puts the burden on the State to prove that its violation of the rule's requirements did not harm the defendant. However, the State can avoid the consequences of its failure to adhere to the rule by showing that the defendant had the requisite notice in spite of the State's failure." *Todd v. State*, 189 Ga. App. 538, 539 (1) (376 SE2d 917) (1988). The mere fact that appellant may have been served with the State's file, with no indication whatsoever that the State intended to use the similar offense as evidence in appellant's trial or that appellant knew that the State so intended, would not suffice to provide the requisite notice.

The rule contemplates that a defendant be apprised of the State's intent to *use* a similar offense as evidence and not that he merely be informed of the State's possession of evidence of a similar offense.

"The sole issue in this case was credibility of the witnesses, since the alleged victim in this case testified appellant molested [her, other witnesses testified that she had told them the same thing,] and appellant testified that he did not molest the victim. Under such circumstances we cannot say that the [error was] harmless, and thus, the trial court erred by denying appellant's motion for a mistrial. [Cit.]" *Thomas v. State*, 178 Ga. App. 674, 675 (344 SE2d 496) (1986).

*Judgment reversed. Banke, P. J., Birdsong, Sognier and Cooper, JJ., concur. Pope and Beasley, JJ., concur specially. Deen, P. J., and McMurray, P. J., dissent.*

POPE, Judge, concurring specially.

Although I concur with the majority opinion, I am compelled nevertheless to write separately in order to make clear to the bench and bar that the cases cited by the dissent, *Pittman v. State*, 178 Ga. App. 693 (4) (344 SE2d 511) (1986) and *Anglin v. State*, 173 Ga. App. 648 (6) (327 SE2d 776) (1985) do not concern the giving of notice pursuant to Uniform Superior Court Rules 31.1 and 31.3. Consequently, those cases in no way support the proposition that the notice requirement can be obviated simply by showing the purpose for which the similar transaction or incident is being introduced. Therefore, I agree with the majority that the judgment must be reversed due to the State's failure to give the required notice in this case.

I am authorized to state that Judge Beasley joins in this special concurrence.

McMURRAY, Presiding Judge, dissenting.

I must respectfully dissent from the holding of the majority opinion as I would hold that the trial court did not commit reversible error and should be affirmed.

The evidence of which complaint is made evolved from the testimony of an employee of the Troup County Family & Children Services Department who testified in part as follows: "[ASSISTANT DISTRICT ATTORNEY]: Q. Were you present when she was visiting with her parents? A. On one occasion. Q. When was that? A. May the 5th, 1988. [DEFENSE COUNSEL]: Your Honor, at this point I'm going to object to any testimony about May 5th, 1988. The indictment charges up to May 15th [1987]. Would be after the date of the indictment. THE COURT: Well, there's no way to know what happened then. It might be relevant or it might not. Just because it happened at that time doesn't mean it's not relevant. I'll overrule your objection. [ASSISTANT DISTRICT ATTORNEY]: Q. Where did this vis-

itation take place? A. In the visiting room at the Department of Family and Children Services office. Q. Who was there? A. Mr. and Mrs. Story and the child and I. Q. How did [the child] react when she first saw the family? A. Well, we walked in the room and [the child] went and sat in a chair at one end of the room. The parents were sitting in a sofa we had at the other end of the room . . . Q. What was Mrs. Story acting like during the visit? A. Mrs. Story just sat at one end of the sofa with her arms across her chest for the majority of the visit and had very little to say. Q. Was she constantly looking at [the child]? A. Yes. Q. What did Mr. Story do? A. Mr. Story tried to interact with the child verbally and for the first thirty minutes they all sat at opposite sides of the room. After a bit he slid down on the floor with his back leaning against the sofa and pulled some of the toys that were located in the room towards him and began playing with them. Eventually [the child] slid off the chair and moved towards the toys that he was playing with. Q. [The child], was it your observation, that [the child] wanted to play with the toys too? A. Yes. Then Mr. Story moved the toys closer to him and the child moved closer because she wanted to play with the toys with him. At one point there Mr. Story raised his leg, bent his knees and raised his leg up and worked the child with the toys towards him between his legs. The child's back was to him. He put his hands up beneath her knees and bent them and then took the child and rubbed her up and down on him six, seven times. [DEFENSE COUNSEL]: May it please the Court, I object to this line of testimony. It's not relevant to any material issue in this case. Also, it goes in areas dealing with some other sexual misconduct not alleged in the indictment and that we understood the district attorney's office was instructed not to elicit testimony about. I object also and move for a mistrial, Your Honor . . . Your Honor, for the sake of the record, similar transactions we believe are inadmissible here because there has been no prior notice as we agreed and also we object because it's testimony we asked not be solicited and it is being solicited and we'd ask for a mistrial."

The trial court then gave the jury limiting instructions that "you have heard some testimony about an incident this witness says she saw take place between the defendant, John Robert Story, and [the child]. You will consider that evidence only against the defendant John Robert Story and in no way against the other defendant, Florence Rudeen Story, and this evidence is admitted for that limited purpose; this limited purpose if you do consider this evidence, you will consider it solely with reference to the mental state, identity, intent or bent of mind of the defendant John Robert Story and for that purpose and no other."

" ' "(I)n child molestation cases evidence of other similar or connected sexual offenses against children is admissible to corroborate

the testimony of the victim as well as to show the lustful disposition of the defendant. (Cits.)" ' *Anglin v. State*, 173 Ga. App. 648, 652 (327 SE2d 776) (1985)." *Pittman v. State*, 178 Ga. App. 693, 694 (4) (344 SE2d 511).

This testimony was admitted by the trial court solely for the limited purpose of showing "the mental state, identity, intent or bent of mind of the defendant. . . ." Moreover, it was evidence which could, if so found by the jury, demonstrate a continuum of the defendant's lustful disposition and propensity to engage in acts constituting the offense of child molestation.

DECIDED JULY 12, 1990 —
REHEARING DENIED JULY 30, 1990.

*Fred D. Harrell*, for appellant.
*William G. Hamrick, Jr.*, District Attorney, *Peter J. Skandalakis*, Assistant District Attorney, for appellee.