A91A0924. ROBINSON v. THE STATE.
(408 SE2d 820)

BIRDSONG, Presiding Judge.

Donald Robinson appeals his judgment of conviction of armed robbery, aggravated sodomy, and kidnapping with bodily injury, and the sentence.

Appellant kidnapped the victim at gunpoint, anally sodomized her by force and against her will, and robbed her, as charged. He enumerates two errors. *Held*:

1. Appellant asserts the trial court erred in not dismissing the indictment after finding appellant was interrogated without knowledge or permission of his counsel.

Defendant was indicted and represented by counsel at arraignment. Subsequently, appellant was taken to a room by the police where, in the presence of the prosecutor who was so identified and

who appellant was told could not talk with him in the absence of appellant's attorney, appellant's physical features were compared by the police to those of persons in photographs. During the course of this procedure, appellant was asked certain identification questions by the police about who was in the photographs, about his beard, his facial marks, his twin brother, and similar matters. The prosecutor stated without contradiction that appellant, upon his arrest, initially said he was Ronald Robinson (which is the name of appellant's twin brother) and was so booked; and, the prosecutor argued he had an "ethical obligation" to be sure he had "the right man" before proceeding to trial. The prosecutor also stated in his place that appellant was told "not to say anything because I was the prosecutor." Appellant testified as to his questioning by the police stating he was shown photographs and asked if the photographs were of him; if he saw a mole or mark on one of the persons in the pictures; how long he had worn a beard; and he was asked questions about his twin brother. Appellant admitted during his testimony that no one had asked him any questions about the facts of the case, the victim, anything happening on the night of the incident, what he was doing during that time frame, or anything about the crime or the case against him; and that any questions he was asked had to do with whether he was the person in the photographs shown him. Appellant was not asked any questions by the prosecutor. Thereafter, the prosecutor stated in his place "that I do not intend to offer any testimony that was produced, or any possible testimony that was produced as a result of somebody asking [appellant] to look at the picture and see if that was him"; and stated he was going to establish identity of appellant by other means.

Appellant asserts for the first time on appeal that prisoners in the Douglas County Jail routinely have had their telephone conversations recorded, and attempts to establish by such argument a pattern of recurring state and federal constitutional violations of the rights of prisoners. The record does not contain evidence in support of such assertions. Factual assertions in briefs that are unsupported by the record cannot be considered in the appellate process. *Hudson v. State*, 185 Ga. App. 508 (1) (364 SE2d 635). Briefs cannot be used in lieu of the record or transcript to add evidence to the record. See *Williams v. State*, 193 Ga. App. 677, 678 (388 SE2d 893).

Appellant asserts that the remedy fashioned by the trial court of excluding all evidence obtained or derived from the questioning of appellant without his attorney being present was insufficient, "and that no remedy short of dismissal can remove the taint of the State's lawless actions to deter further such misconduct."

Appellant has failed to cite this court to any portion of the record of trial where evidence was introduced in violation of the trial court's exclusionary ruling. Moreover, at the motion to dismiss hearing, ap-

pellant acknowledged he would have to address whether any of the excluded evidence was being introduced subsequently by the State "as questions come up at trial." The trial record reflects no objections were posed thereafter to the introduction of evidence by the State on the grounds it had been excluded by the trial court's remedial order. While appellant's brief does refer to the procedure used by the State to obtain the victim's identification of appellant at trial, the basis of appellant's objection to such identification evidence was the "leading nature of [the] question"; and, appellant's subsequent motion for mistrial was grounded on the contention that because of the leading question posed, the victim now knew who was accused of the crime and her further in-court identification would not be based on any independent recollection or memory. The denial of the mistrial motion has not been enumerated as error on appeal.

In *United States v. Morrison*, 449 U. S. 361, 365 (101 SC 665, 66 LE2d 564), the United States Supreme Court stated: "[W]hen before trial but after the institution of adversary proceedings, the prosecution has improperly obtained incriminating information from the defendant in the absence of his counsel, the remedy characteristically imposed is not to dismiss the indictment but to suppress the evidence or to order a new trial if the evidence has been wrongfully admitted and the defendant convicted. . . . [A]bsent demonstrable prejudice, or substantial threat thereof, dismissal of the indictment is plainly inappropriate, even though the violation may have been *deliberate*." (Emphasis supplied.) "Although federal [and state] courts possess the authority to dismiss an indictment for governmental misconduct, dismissal is an 'extreme sanction which should be infrequently utilized.' . . . Dismissal is only favored in the most egregious cases." *United States v. Sims*, 845 F2d 1564, 1569 (5) (11th Cir.). Our courts and the United States Supreme Court "have held that when considering the appropriate remedy for an alleged constitutional violation involving governmental misconduct, the remedy should be tailored to the injury suffered from the violation alleged and should not result in the dismissal of an indictment, or . . . in the granting of a directed verdict, when the case may proceed with full recognition of the defendant's right to a fair trial." *Wilcox v. State*, 250 Ga. 745, 755-756 (301 SE2d 251); compare *McGarvey v. State*, 186 Ga. App. 562 (2) (368 SE2d 127). We are satisfied that the relief tailored by the trial court in this case was "appropriate in the circumstances to assure the defendant the effective assistance of counsel and a fair trial," within the meaning of *Morrison*, supra at 365. This enumeration of error and appellant's arguments in support thereof are without merit.

2. Appellant asserts the trial court erred in failing to exclude from evidence any reference to defendant having stolen a car or having been in a stolen car.

(a) First and primarily appellant asserts that it was error to introduce evidence that the black Chevrolet Beretta was stolen by appellant before the night of the kidnapping, sodomy and robbery of the victim. We disagree. Such evidence unquestionably placed appellant's character in issue. However, it was relevant as it tended to establish appellant was the assailant, as this evidence placed him in control of the vehicle identified by the victim as being the car in which she believed she was abducted and attacked, and the same vehicle in which were found pubic and head hairs which could have originated from appellant. "Generally, evidence of other independent crimes or acts committed by the defendant is inadmissible as it tends to put the defendant's character into evidence. . . . There are two conditions to admissibility. The first condition [which clearly was met in this case] is that there must be some evidence establishing that the independent crime was committed by the defendant. . . . The second condition of admissibility requires that there 'be sufficient similarity *or connection* between the independent crime and the offense charged, that proof of the former tends to prove the latter.' " (Emphasis supplied.) *Chastain v. State*, 260 Ga. 789, 790-791 (3) (400 SE2d 329); see *Roney v. State*, 192 Ga. App. 760, 762 (2) (386 SE2d 412). The fact that appellant had stolen the car, which the State seeks to establish as the vehicle used thereafter in the crime and in which incriminating physical evidence was found tending to link appellant to the crime scene, has a rational connection to the issue of appellant's identity and criminal culpability. "[E]vidence that is relevant and material to an issue in the case is not inadmissible because it incidentally places the accused's character in issue." *Crosby v. State*, 259 Ga. 822, 823 (2) (389 SE2d 207).

"Moreover, admissibility of evidence is a matter which rests largely within the sound discretion of the trial court, and in the absence of an abuse of judicial discretion, this court will not interfere with the trial court's ruling." (Citations and punctuation omitted.) *Roney*, supra at 763.

(b) Secondarily, appellant asserts in the same single enumeration of error the trial court erred in admitting evidence that appellant "was later arrested for being in [another] stolen car." "Our law requires that enumerations 'shall set out separately each error relied upon' (OCGA § 5-6-40). . . ." *Murphy v. State*, 195 Ga. App. 878, 880 (6) (395 SE2d 76). When an appellant argues more than one error within a single enumeration, this court in its discretion may elect to review none of the errors so enumerated in violation of OCGA § 5-6-40 (*Murphy*, supra) or elect to review any one or more of the several assertions of error contained within the single enumeration and treat the remaining assertions of error therein as abandoned (*West v. Nodvin*, 196 Ga. App. 825, 830 (4c) (397 SE2d 567)). In Division 2 (a) above, we reviewed the first and primarily asserted error within this

single enumeration; we now elect to consider this secondarily asserted error as abandoned.

Assuming arguendo, this assertion of error had not been abandoned, it nevertheless was without merit. "It is well settled that all of the circumstances connected with an accused's arrest are admissible as evidence at trial, even those that establish the commission of another criminal offense." (Punctuation omitted.) *Leonard v. State*, 197 Ga. App. 221, 222 (1) (398 SE2d 250).

*Judgment affirmed. Pope and Cooper, JJ., concur.*

DECIDED JULY 15, 1991.

*Naman L. Wood*, for appellant.
*David J. McDade, District Attorney*, for appellee.

