No. 40.—LAWRENCE W. EARNEST, plaintiff in error, *vs.* THOMAS T. NAPIER AND WIFE, defendants in error.

[1.] Before a notice, under the 57th Common Law Rule, can be made available, the party giving it, or his agent, should previously make oath, (or his attorney state in his place,) that the deponent, or attorney, has reason to believe that the paper required to be produced, is material to the issue; and that the same is in the possession, power, or control of the person notified.

[2.] Mortgage *fi. fas.*, after they have been executed and returned to the office from which they issued, are not, in legal contemplation, in the possession, power, or control of the plaintiff.

[3.] When, in the progress of the trial, the cause, if ordered on, will suffer injustice from the honest mistake of the party or his counsel, against whom no *laches* is imputable, relief will be afforded, by granting a continuance.

Motion, in Walker Superior Court. Decided by Judge JNO. H. LUMPKIN, November Term, 1853.

In this cause, after the evidence on the side of plaintiff was closed, and defendant had introduced two witnesses, counsel for plaintiff was called upon to respond to a notice, to produce an execution named therein—to which he responded :

1st. That it was not such a paper as he could be called upon to produce, being an office paper.

2d. That he would have had his client ready and present, to respond to the notice, but for an understanding between himself, and counsel for defendant, that this notice would be waived, upon the production of an exemplification of the *fi. fa.*—which exemplification he had in Court. This understanding was not denied.

Counsel for plaintiff moved the Court, for the last reason, for a continuance. The Court over-ruled the showing, refused a continuance, and granted a non-suit.

On motion, the Court refused to set aside this non-suit, and this decision is assigned as error.

There being no appearance for the defendant, the cause proceeded *ex parte.*

D. A. WALKER, for plaintiff in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] This was an action of assumpsit, brought by Lawrence W. Earnest, against Thomas T. Napier and Celia Napier, formerly Celia Price, on a promissory note for $600, given by Mrs. Napier to the plaintiff, while she was a *feme sole.* The plaintiff, on the trial, having read his note, closed his case.— The defendant introduced several witnesses, and then moved the Court to compel the plaintiff to respond to a notice, served on his attorney, Dawson A. Walker, to produce two mortgage executions, issued from Murray Inferior Court. Counsel for plaintiff insisted, that these *fi. fas.* were office papers; that they had been returned to the office to which they properly belonged; and to the best of his knowledge and belief, had been of file there ever since.

The Court over-ruled the showing, as insufficient, and required the production of the papers—whereupon, counsel for plaintiff excepted.

A continuance was then moved for by plaintiff's counsel, on the ground of surprise. He stated, in his place, and it was not denied, that, at the previous term of the Court, an understanding had taken place between the defendant's counsel and himself, that the original executions would not be required; and that an exemplification would answer. This he had ready to be used. That, but for this agreement, he would have used due diligence to get the papers; and that the showing was not made for delay, but that he had acted through an honest mistake in the matter. The application to continue was refused; and thereupon, the plaintiff, by his counsel, excepted.

It does not appear, that the *originals* were material to the issue, in this case—no preliminary proof having been made by the defendant, or his attorney, as is required by the 57th Common Law Rule, to carry into effect the 6th section of the Judiciary Act of 1799. And yet, the notice given in this case, if otherwise good, could not be made available, until the affi-

davit of the party giving it, was previously made, and filed in the office of the Clerk where the suit was pending.

[2.] But, passing this by, the decision of the Court, upon the first point, was wrong—the executions, in this case, being office papers, which were neither actually, nor in legal contemplation, in the custody of the plaintiff. They were equally accessible to either party to the action. The defendant, by an order of the proper Court, could have had these papers forthcoming, if the ends of justice required it. Why, then, should the plaintiff's case have been dismissed, when he was not in default? If the defendant really believed that these original *fi. fas.* were necessary for his defence, why did he not take steps to procure them—not by serving a notice on his adversary; but by applying to the Inferior Court of Murray county, whose Clerk had the custody of these documents? Had that Court failed or refused to grant an order for that purpose—which is not to be presumed—that tribunal would have been constrained, by a *mandamus*, to have discharged their duty.

[3.] But, admitting that we are not well-founded in this position, can there be a doubt, but that the case should have been continued, under the circumstances?

*Mr. Graham,* in his *Essay on New Trials,* states the rule to be, that "when, in the progress of the trial, the cause suffers injustice, from the honest mistake of the party, *or his counsel,* relief will be extended, by granting a new trial".— Much more will a *continuance* be allowed in the first instance. True, parties to be protected, must exercise ordinary care and prudence. In this case, no *laches* is imputable to Mr. Earnest, or his counsel.

The case of *Cornogg vs. Cornogg and others,* (1 *Yeates,* 18,) is much stronger than the one under consideration. This cause came before the Court, under a rule on the plaintiff, to bring on his suit to trial, at that time, or that a non-suit should be entered. A motion was made to put off the action, on the plaintiff's affidavit, that in a conversation which took place between him and his brother, the acting executor, about four weeks before, he was induced to believe that an amicable settlement would be

affected, by the intervention of mutual friends; and that his brother proposed to call on him for that purpose, that they might go together to Philadelphia; and that, in consequence of this expectation, he had made no preparations for trial.— The defendants called two witnesses, who were present during the whole of the conversation referred to, *who gave a different account of that conversation, and declared that they did not hear the particular declarations sworn to by the plaintiff*.

The Court, on consideration, postponed the cause—the plaintiff having sworn positively to his account of the transaction; though he might have. misconceived the expressions of his brother, his ideas of the whole, had prevented him from coming prepared for trial.

The defendant then moved for a rule, that the plaintiff should pay the costs of the term; but this was denied by the Court, who directed that the same should, under the peculiar circumstances of the case, continue on the *remanet.*

In the case before us, the statement of Mr. Walker is uncontradicted; and, in our judgment, should have entitled his client to a continuance.

Judgment reversed.