No. 18.—HOOPER & MITCHELL, plaintiffs in error, *vs.* THE MEMPHIS BR. RAIL ROAD & STEAMBOAT COMPANY, defendants in error.

[1.] The fact that a case has been pending for four years in the Court, is no reason why a continuance should not be granted, provided, a proper showing be made, it not appearing that the delay was at the instance of the party applying for the continuance.

[2.] Admitting that an Attorney has a *general lien* upon an *execution* in his hands for fees due him by the plaintiff, that lien does not extend to the *judgment.*

Motion, in Floyd Superior Court. Decision by Judge TRIPPE, June Term, 1855.

Messrs. Hooper & Mitchell, as Attorneys of Joseph J. Printup, obtained a judgment against the R. R. & Steamboat Co. for $6.735. They gave notice in writing, to the defendant, of their claim for fees in that case, as well as for a gen-

eral balance of fees. Subsequently, the defendant in *fi. fa.* paid the whole amount thereof to D. S. Printup, as Attorney for Joseph J. Printup in whose hands the *fi. fa.* was. This was a motion to re-open the *fi. fa.* for the amount of their fees in this case, as well as for $300, the amount of two fees in two other causes which had been settled by the parties. The Court ordered the *fi. fa.* re-opened for the fees in that case, but refused the rule as to the balance. This refusal is assigned as error by Hooper & Mitchell.

The Memphis Branch R. R. & Steamboat Co. also sued out a bill of exceptions on various grounds; but the only one considered by the Supreme Court, was the motion for a continuance, on the following grounds:

1st. Because the original bill of injunction, enjoining the proceeding of the *fi. fa.* which was sought, by the rule of Hooper & Mitchell's Attorney, to be opened for their fees, was lost or mislaid, it being important in the hearing of this cause, in order to show that Hooper & Mitchell abandoned the causes upon the filing of this bill of injunction.

2dly. Because defendants, and the Attorney for defendants, had only within the last three days previous to the hearing, come within the knowledge of testimony which would clearly show that Daniel R. Mitchell, of the said firm of Hooper & Mitchell, had positively agreed, about the time said suits were commenced, to attend to them for Printup without charge, which facts were unknown to defendants or their Attorneys, until within three days of the hearing; and then too late to have the testimony which could have been shown by Achilles D. Shackelford, Esqr. who resides in Gordon County.

The Court would hear no showing, and ordered the cause to proceed.

This refusal to continue, is assigned as error by the said R. R. & Steamboat Co.

PRINTUP, for R. R. & Steamboat Co.

WRIGHT, for Hooper & Mitchell.

Baker, Wilcox & Co. *vs.* Wimpee *et al.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] We hold that the continuance asked for should have been granted. It was refused because the case had already been in Court four years. But it does not appear that this delay was attributable to the company. It is fair to presume that it was kept there by consent. It became important to ascertain whether the agreement set up by Printup, to defeat the fee of Hooper & Mitchell, was really made. One witness, Smith, swears it was; and the application for a continuance was made in order to obtain the testimony of Col. Shackelford, to prove the same fact. Opportunity should have been allowed for this purpose.

[2.] Whether the decision was right in No. 27, depends upon the fact of whether or not Hooper & Mitchell's professional employment, in the covenant case, continued after judgment. The proof is clear, that it did not. Consequently, they had no lien on the execution in the covenant case, for the fees claimed by them in the other two cases.