31269. BELL *v.* LEWIS.

DECIDED JUNE 13, 1946.

*E. P. Stapleton, A. B. Conger,* for plaintiff in error.

*H. G. Rawls, R. E. Wheeler,* contra.

FELTON, J. ■ Grounds 1, 2, 3, 4, and 5 of the motion for new trial as amended are merely variations of the question of the manumission of the plaintiff, a minor, and will be considered here together. The evidence of the plaintiff's manumission up to the time of the accident was uncontradicted. The father of the plain-

tiff swore positively and without qualification that the plaintiff had been manumitted since the age of seventeen, and that since that time the plaintiff had been allowed to work at employments of his own choosing and to retain the proceeds of his labors for his own use. This was corroborated by several witnesses, and at no place in the record do we find this disputed by sworn testimony. Under this state of the case the fact of the plaintiff's manumission was uncontrovertibly established up to the time of the accident. The defendant contends, however, that this established fact does not take care of the period from the date of the injuries to the plaintiff's majority. It will be remembered that no demurrers were filed to the plaintiff's petition wherein he sues by next friend. He was proceeding in his own right to collect the items of damage which the defendant now says on appeal that he cannot have, as they belong to the plaintiff's father. The father is the prochein ami in this case, and under this state of the record the father will be conclusively presumed to have consented to and acquiesced in the · plaintiff's receiving these items of damages, and this obviated the necessity of further proof of the manumission of the plaintiff, under the facts of this case. *Royal* v. *Grant,* 5 *Ga. App.* 643 (63 S. E. 708); *Vale Royal Mfg. Co.* v. *Bradley,* 8 *Ga. App.* 483 (70 S. E. 36). There was no error, therefore, in the court's charging upon the reasonable value of hospital and physician expenses, nor was it error to fail to charge that, before the plaintiff might recover for personal injuries and diminution of earning capacity, it must first be shown that these items belonged to him and not to his father, due to the fact of manumission from the date of the injuries to the date of the plaintiff's majority.

■ It is contended in special ground 6 that the plaintiff was driving his automobile two feet and two inches to the left of the center line of the highway at the time of the collision, which was admitted by the plaintiff on the trial and uncontradicted, and that this was negligence and the proximate cause of the collision resulting in the plaintiff's injuries. The plaintiff, while admitting that he was two feet two inches to the left of the center line of the highway, contends that he was so blinded by the extremely bright lights of the defendant's truck, and the driver did not at any time dim his lights, that he was unable to see, and though he immediately retarded the speed of his automobile he was so blinded that he did

not perceive that he had turned his machine to the left instead of to the right, and that the defendant's negligence in failing to dim his lights and in so blinding him that he could not see where he was going was the proximate cause of the accident. To this contention of the plaintiff the defendant rejoined that, if the plaintiff was blinded, it was incumbent upon him to stop his car or pull over to the side of the highway until he regained his sight. The plaintiff testified: "After I turned [into the highway] I went about a hundred and fifty yards and I saw a truck coming. The truck had bright lights and never dimmed them. He never would give me no dims. They blinded me where I couldn't see. I was doing my best to stop. It just blinded me so I couldn't see a wink. I had been blinded for seventy-five or eighty yards before the truck and my car collided. . . If I was over the center line, he blinded me and I couldn't see where I was going. . . The last time I could see I was on my side of the road." The other occupants of the car likewise testified that they too were blinded by the lights from the defendant's truck, and testified that the plaintiff's car had come almost to a standstill, or at most was traveling at about five miles per hour when the collision occurred. The defendant's driver testified that he did not have any bright lights on the truck, as the bright lights were out of order, and that he was not speeding at the time of the accident. The jury resolved the question of negligence in favor of the plaintiff, and under the facts as they appear from the record, we can not say as a matter of law that the plaintiff was negligent and brought about his own injuries or that the evidence does not support the verdict.

■ In special ground 7, the defendant contends that four persons occupying the front seat of an automobile is contrary to the rules of safety for driving an automobile and was as a matter of law negligence per se, and therefore the injuries sustained by the plaintiff were the result of his own negligence. This contention is without merit. There is no statute in Georgia, insofar as our investigation shows, which prohibits as many as four persons from occupying the front seat of an automobile while it is being driven over the highways of this State; and in the absence of such a statute, it can not be said to be negligence per se to so occupy the front seat of an automobile. While under some circumstances the jury might consider it negligence for four persons to occupy the

front seat of an automobile driven on the highways, the evidence shows in this case, without contradiction, that the presence of the four persons on the front seat of the plaintiff's car did not in any way interfere with his driving or contribute in any way to the collision. The jury likewise resolved this question of negligence in favor of the plaintiff, and there was sufficient evidence to authorize this finding.

For the foregoing reasons the court did not err in refusing a new trial for any reason assigned.

*Judgment affirmed. Sutton, P. J., and Parker, J., concur.*