38526. HARDY *et al.* v. BROOKS.

DECIDED FEBRUARY 3, 1961.

*D. D. Smith, Stevens & Stevens,* for plaintiffs in error.
*Irwin, Williams, Smith & Keen, Ross & Ross,* contra.

JORDAN, Judge. ■ Questions of negligence and diligence and of cause and proximate cause and whose negligence constituted the proximate cause of the plaintiff's injuries are, except in plain, palpable and indisputable cases, solely for the jury, and the courts will decline to decide such questions on demurrer unless reasonable minds cannot differ as to the conclusions to be reached. *Long Construction Co. v. Ryals,* 102 Ga. App. 66 (1) (115 S. E. 2d 726). Under these principles the petition clearly stated a cause of action against the defendant Hayes and the trial court did not err in overruling his general demurrer. *Fender v. Drost,* 62 Ga. App. 345 (7 S. E. 2d 800); *Bell v. Lewis,* 74 Ga. App. 26 (2) (38 S. E. 2d 686); *Code Ann.* § 68-1626.

■ It is not alleged in the petition that the defendant Hardy was negligent in striking and killing the cow nor is it alleged that he was negligent in doing anything which he should not have done. Rather the cause of action against Hardy is predicated on his failure to act, either to remove the cow from the highway and thus eliminate the dangerous situation allegedly created by him or give warning of its presence.

Accordingly the general demurrer of this defendant presents the question whether one, who by his own act, although without negligence on his part, creates a dangerous situation along a public highway, is under any duty to remove the hazard thus created or to give warning of the danger so as to prevent other users of the highway from being injured thereby. If this defendant is under no such duty to act under these circumstances, then as a matter of law the petition could not set forth a cause of action against him.

There are many instances in which it may be said as a matter of law that there is a legal duty to do something, and in others, as a matter of law that there is no such duty. Thus, if one negligently creates a dangerous situation it may generally be said that it becomes his duty to do something about it so as to prevent injury to others if it reasonably appears or should appear to him that others in the exercise of their lawful rights and in the exercise of ordinary care for their own safety may be injured thereby. On the other hand, it may be said generally, as

a matter of law, that a mere bystander who did not create the dangerous situation is under no duty to act to prevent injury to others.

We think it may also be said that if one by his own act, although without negligence on his part, creates a dangerous situation in or along a public highway and it reasonably appears that other users of the highway in the exercise of ordinary care for their own safety may be injured by the dangerous situation so created, the one creating the same is under a duty to eliminate the danger or give warning to others of its presence. It has thus been held in the courts of other jurisdictions that one who places an obstruction in a public highway, even by an involuntary act and without negligence, is under an obligation to remove it from the highway, or is required to warn traffic on the highway of the dangers incident to the obstruction. Simonsen v. Thorin, 120 Neb. 684 (234 N. W. 628, 81 A. L. R. 1000) ; Kirk v. United Gas Public Service Company, (La. App.) 165 So. 735 (Reversed on other grounds, 185 La. 580, 170 So. 1). In the former case the Supreme Court of Nebraska held that one, who without negligence struck a trolley pole with his automobile and caused it to fall across the road, is liable for failure to protect others from injury thereby. In the latter case the Court of Appeals of Louisiana held that a motorist striking a calf on a public highway has a duty either to remove the carcass from the traveled portion of the road or provide some warning to traffic on the highway of the presence of the carcass, and that on failure to remove or give warning the motorist would be guilty of negligence.

While we have been unable to find any controlling authority on this question by the appellate courts of this State, the liability thus imposed is not unlike that placed upon one who, while engaged in a lawful act, obstructs a public road with smoke or other foreign substances. *Bonner v. Standard Oil Co.*, 22 Ga. App. 532 (96 S. E. 573) ; *Southern Cotton Oil Co. v. Wallace*, 27 Ga. App. 415 (108 S. E. 624) ; *Farrer v. Southern Ry. Co.*, 45 Ga. App. 84 (163 S. E. 237).

Accordingly it is our opinion that, since under the allegations of the petition the defendant Hardy should have foreseen that other motorists in the exercise of ordinary care for their own

safety might be endangered by the presence of the cow's carcass, some 25 or 30 feet below the crest of the hill, the petition states a cause of action against him. It is therefore a question for the jury as to whether the defendant Hardy under all the facts and circumstances was negligent in failing to remove the carcass from the highway or give warning of its presence and as to whether the plaintiff's alleged injuries proximately resulted from said negligence.

It is contended by the defendant, however, that under the allegations of the petition—that the deceased cow weighed approximately 900 pounds and that an interval of only five minutes elapsed between the time he allegedly struck the cow and the plaintiff struck the cow—as a matter of law there was nothing that he could have done in regard either to removing the cow from the highway or warning other motorists of its presence. It is our opinion, however, that this is a matter of defense. It is a question for the jury as to what a reasonably prudent man in the exercise of ordinary diligence could and should have done under the attendant facts and circumstances of this case.

Likewise, there is no merit to the defendant's contention that the petition affirmatively showed as a matter of law that the plaintiff's own contributory negligence and the negligence of the defendant Hayes were the proximate cause of the plaintiff's injuries.

The petition set out a cause of action against both defendants, as joint tortfeasors, and the trial court did not err in overruling their general demurrers.

*Judgment affirmed. Townsend, P. J., Carlisle and Frankum, JJ., concur.*