41074. CHESTER et al. v. BOUCHILLON.
(317 SE2d 525)

MARSHALL, Presiding Justice.

This case is essentially an action by the appellants to remove the appellee as executor due to alleged misconduct of management and waste of the estate. Subsequent to the previous appearance of this case, *Lowell v. Bouchillon,* 246 Ga. 357 (271 SE2d 498) (1980), the appellee made a deed of assent to the appellants and the appellee's wife, the specific devisees of the family homeplace. The appellee's wife filed a partitioning action, which was concluded by a consent decree.

The appellants filed various discovery motions, which were voluntarily dismissed on July 17, 1981. On October 21, 1981, the appellants filed a notice to produce and a motion for continuance on the grounds that the appellants desired to take the appellee's deposition and desired that the trial court consider a motion to require the appellee to post a bond with adequate corporate sureties. On the date of trial, the trial judge denied these motions, and the consent pre-trial order was filed.

Subsequent to the selection of a jury and prior to opening statements, the appellants voluntarily dismissed this action, whereupon the appellee moved to proceed upon the issues of expenses of administration and attorney fees. The appellants then moved to withdraw their dismissal, which was granted over objection by the appellee. The appellants called three witnesses: the appellants themselves and a forestry consultant. Subsequent to the close of the appellants' case, the trial judge granted the appellee's motion for a directed verdict. Whereupon, by consent of counsel, the issues of attorney fees for the appellee, expenses of administration, and the executor's fee were submitted to the trial court without the intervention of a jury. The appellee filed an affidavit concerning the expenses of administration and attorney fees, and the appellants filed their brief in opposition.

On February 16, 1982, the trial court found that the appellee had

voluntarily withdrawn the issue of executor's fee, but that the charges of mismanagement and waste were not proved or sustained, and were unfounded and unjust; and awarded the appellee expenses of administration and attorney fees. On July 21, 1983, the trial court amended the judgment by changing the amounts awarded, in accordance with the pre-trial order.

On July 22, 1983, the trial court denied the appellants' motions for new trial, for reconsideration, and to set aside the judgment. On February 27, 1984, the trial court denied the appellants' extraordinary motion for new trial, which alleged that they had not received a copy of the order denying their motion for new trial. Without regard to whether or not such extraordinary motion for new trial is authorized, we nevertheless proceed to treat the issues raised therein. The appellants appeal from the orders awarding the appellee expenses of administration and attorney fees, and denying the relief prayed for by the appellants.

1. On October 21, 1981, 32 days before trial and almost two years after the commencement of this action, the appellants filed a motion for continuance in order to depose the appellee. The appellants had made no attempt to depose the appellee either prior to that time or subsequent to their motion and prior to trial. "Historically[,] it has been the policy of Georgia appellate courts not to interfere with the trial judge's broad discretion granted to him under the discovery provisions of the Civil Practice Act." Under the facts here, the denial of a continuance was not error. *Vaughn & Co. v. Saul*, 143 Ga. App. 74, 80 (4) (237 SE2d 622) (1977) and cit. *Hooper & Mitchell v. Memphis Branch R. &c. Co.*, 19 Ga. 85 (1) (1855), and *Earnest v. Napier*, 15 Ga. 306 (3) (1853), cited by the appellants, do not militate against our ruling.

2. The appellants attempted to introduce evidence through a forestry consultant of the value of a timber cutting in 1974, which was ruled inadmissible. The cutting occurred after the death of the testator but more than four years prior to the issuance of letters testamentary to the appellee.

"If the defendant or those under whom he claims are guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud." OCGA § 9-3-96. Even if the defendant could be found to be accountable for management of the estate prior to the issuance of letters testamentary to him, there was no evidence that could be viewed as (1) fraud on the part of the appellee, (2) which debarred or deterred the appellants from bringing an action within the four-year statute of limitations. Even assuming, arguendo, that the value of the alleged 1974 timber cutting was admissible, it would appear to be a harmless error, as the appellants

presented no evidence that the appellee had knowledge of such a cutting, or that he participated in, directed, or acquiesced in the alleged cutting. There was no evidence as to whether the timber was removed without permission, or who may have authorized the removal, or whether the estate had been paid for any such cutting.

The exclusion of this evidence was not reversible error, if error at all.

3. "It is not error to direct a verdict if the evidence and all reasonable deductions therefrom, considered in the light most favorable to the respondent to the motion, *demands* the verdict and fails to disclose *any* material issue for jury resolution." *Burney v. Butler*, 243 Ga. 620 (1) (255 SE2d 686) (1979), citing what is now OCGA § 9-11-50 (a). A directed verdict is proper even where there is conflicting evidence where the plaintiff simply failed to prove his case. *Carr v. Jacuzzi Bros., Inc.*, 133 Ga. App. 70, 74 (7) (210 SE2d 16) (1974). The grant of the directed verdict in this case was proper under the above standards.

4. "While fraud or misconduct on the part of an administrator giving rise to a suit against him by an heir would not authorize a charge against the estate for attorneys fees to defend the suit [cit.], where no fraud or misconduct is proved, as here, the administrator should be allowed a reasonable amount from the estate to retain counsel in defending the unfounded charges. [Cits.]" *Cromer v. Cromer*, 222 Ga. 365, 368 (2) (149 SE2d 804) (1966). The test to determine whether a suit is not justifiable is the result of the issue in favor of the administrator (or executor). *Armstrong v. Boyd*, 140 Ga. 710, 712 (79 SE 780) (1913). The issue of attorney fees having been submitted by agreement of counsel to the trial judge, whose ruling awarding them we have upheld, the appellee was entitled to attorney fees.

5. The trial court did not err in denying the appellants' "consolidated post-trial motions," which raised issues which this court has ruled on adversely to the appellants in this opinion hereinabove.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 2, 1984 — REHEARING DENIED JULY 16, 1984.

*Joab L. Kunin, Menendez & Gary, Jack Menendez*, for appellants.

*Timothy A. McCreary*, for appellee.