A89A1896. JOHNSON v. CRITTER GETTERS
EXTERMINATING COMPANY, INC.
(390 SE2d 434)

SOGNIER, Judge.

Betty Johnson brought suit against Critter Getters Exterminating Company, Inc., alleging negligence in the inspection and treatment of her home for termites. She appeals from the trial court's entry of a directed verdict in favor of Critter Getters.

The testimony adduced at trial revealed that in either 1980 or

1981, appellant called Rest-A-Pest Exterminating Company, Inc. after she saw termites swarming in her carport. She testified that Rest-A-Pest found infestations of live termites and extensive damage in the crawl space of her home, and agreed to exterminate and to provide yearly inspections thereafter. After Rest-A-Pest was dissolved in 1985, appellee assumed the inspection obligation under appellant's agreement with Rest-A-Pest. Appellant testified that she paid a $35 annual inspection fee through 1987, and that she was always away at work when appellee performed its inspections but that the service person usually left a notice indicating that the house had been inspected.

When appellee inspected appellant's house in 1987, the technician informed her that a pipe under the porch was leaking. She called Junior Coker, a remodeling contractor, to repair it, and he found extensive termite damage under her house, which he estimated had occurred within the last five years. In response, Thomas Mize, appellee's president, and Raymond Davis, a state agriculture inspector, inspected appellant's house on October 22, 1987, and Davis returned several weeks later for another inspection. Davis testified that he saw significant termite damage but no active infestation, and that he could not determine how long ago the damage had occurred. He also noted several instances of failure to comply with state regulations regarding drilling of brick piers and scraping of termite tunnels, but stated that this noncompliance did not cause the termite damage to appellant's house. Mize stated that appellee's records indicate no active infestation or additional damage occurred during the time appellee treated appellant's home (although he could not determine with certainty from the records whether an inspection was performed in 1986). Appellant found several dead termites on her window sill in fall 1988, but she, Davis, and Coker all testified they saw no live termites at any time after the initial treatment. Appellant also stated that she never entered the crawl space and thus never saw the infestation or damage at any time.

Appellant contends direction of a verdict for appellee was improper because there were remaining jury questions regarding whether she had a written contract with appellee, whether appellee actually inspected the house during the years it was compensated and whether it followed state regulations, whether appellee's predecessor properly treated the home on the first visit, and whether the damage occurred during the period appellee was paid to inspect the dwelling. We do not agree, as we find each of these issues either was not material or was not in dispute. The dispute as to whether appellant signed the written contract offered into evidence by appellee or had only an oral contract for inspection and treatment was immaterial because appellant's counsel stated at trial that appellant was pursuing a tort

claim, and the duty to inspect would have arisen under either version of the contract. The sufficiency of Rest-A-Pest's treatment is similarly immaterial because Mize testified that appellee did not assume the liabilities of Rest-A-Pest, but only agreed to begin servicing some of its accounts, and no evidence was presented to controvert this testimony.

The remaining matters appellant raises cannot under any reasonable construction of the evidence lead to an inference of negligence. See *Johnson v. Dallas Glass Co.*, 183 Ga. App. 584 (1) (359 SE2d 448) (1987). Even assuming that appellant's testimony was sufficient to establish a duty on the part of appellee to inspect appellant's home annually and to treat any active infestations, no evidence was adduced to show that appellee breached any duty to appellant so as to proximately cause the damage incurred. See *Smith v. Morico*, 166 Ga. App. 737 (305 SE2d 465) (1983). Appellant acknowledged that she was not present during any of appellee's annual visits to her home and never went into the crawl space to inspect the conditions for herself, and she presented no witness who testified as to appellee's inspections or treatment or opined that they were negligently performed. See *Orkin Exterminating Co. v. Stevens*, 130 Ga. App. 363, 366-367 (203 SE2d 587) (1973). While Davis did testify that certain state regulations had not been complied with at the time appellant's house was treated, there was no evidence that this was an obligation of appellee, and Davis also stated that this noncompliance did not lead to the damage incurred by appellant. Further, there was no evidence of an active infestation of termites during the period appellee inspected appellant's house, as no witness saw any termites during that period, Mize stated that the preexisting damage did not worsen during the time of appellee's service, and Coker's testimony indicated that the damage he observed could have occurred while Rest-A-Pest was treating appellant's home.

" 'Negligence is not to be presumed, but is a matter for affirmative proof. [Cit.] In the absence of affirmative proof of negligence, we must presume performance of duty and freedom from negligence. [Cit.]. . . .' [Cit.]" *Worth v. Orkin Exterminating Co.*, 142 Ga. App. 59, 62 (3) (234 SE2d 802) (1977). While questions of negligence are ordinarily for the jury, when a plaintiff " 'simply fail(s) to prove his case . . . the direction of a verdict (is) proper[.] . . . The mere existence of conflicts in the evidence does not render the direction of a verdict erroneous if it was demanded, either from proof or from lack of proof on the controlling issue or issues.' [Cits.]" *Smith*, supra at 738. Accordingly, we conclude the trial court did not err by directing a verdict in favor of appellee. Id.

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED JANUARY 24, 1990.

*Michael R. Jones*, for appellant.

*Donald M. Gettle, Linda W. Gettle, Patricia L. Gordon*, for appellee.