## A96A1670. INNES et al. v. DIXIE SERVICE CENTER.
### (481 SE2d 572)

RUFFIN, Judge.

Gordon Innes was injured while working as a temporary contract employee at the Dixie Service Center ("Dixie Service"), an automotive service center in Glynn County, Georgia. Innes and his wife sued Dixie Service, claiming that Dixie Service's negligence caused the injury. The trial court directed a verdict for Dixie Service, and the Inneses appealed. For reasons which follow, we affirm.

The record reveals that Mr. Innes was employed by Express Services, which provides temporary contract workers to other companies. Express Services assigned Mr. Innes and several other employees to help clean Dixie Service following a fire. As part of the cleanup duties in Dixie Service's storage room, Mr. Innes and the Express Services workers were instructed to "take each and every individual piece [of equipment or other material] off of the bay or off of the shelf that [they] were cleaning, clean the shelf, clean that piece, and put it right back where it was[.]"

On the day of his injury, Mr. Innes and another Express Services employee, referred to only as "Tom," began cleaning shelves in the storage room. The room was small enough that Mr. Innes and Tom were working "back to back" and constantly bumping into each other, so Mr. Innes suggested that Tom clean his first section of shelves and then move on to the next, at which point Mr. Innes would begin cleaning his first section. As a result, Tom was one shelf section ahead and to the right of Mr. Innes as they worked.

Just before his injury, Mr. Innes was sitting on a milk crate cleaning the bottom two shelves of one section. He heard someone yell "look out, and [he] crunched his shoulders together," and felt an object hit his head and then his right shoulder. Mr. Innes later learned that a red metal "baffle pipe" had struck him.

Although Mr. Innes does not know exactly where the pipe was before it fell, or who placed it there, he testified that it fell from a top shelf behind him. He is certain that the pipe did not fall from the shelf section he was then cleaning because he had just cleaned the top shelves. Mr. Innes further testified that Tom, who was working to his right when the injury occurred, would have already cleaned the section of shelves behind him.

In their sole enumeration of error, the Inneses argue that the trial court erred in directing a verdict for Dixie Service. We disagree.

" 'It is not error to direct a verdict if the evidence and all reasonable deductions therefrom, considered in the light most favorable to the respondent to the motion, demands the verdict and fails to disclose any material issue for jury resolution.' [Cit.] A directed verdict is proper even where there is conflicting evidence where the plaintiff simply failed to prove his case. [Cit.]" (Emphasis omitted.) *Chester v. Bouchillon*, 253 Ga. 175, 177 (3) (317 SE2d 525) (1984); see also *Wilson v. Southern R. Co.*, 208 Ga. App. 598, 600 (2) (431 SE2d 383) (1993) (physical precedent only). As we have previously found, "[t]he mere fact of injury or damage does not give rise to a presumption or inference of negligence. . . ." *Housing Auth. of Atlanta v. Famble*, 170 Ga. App. 509, 524 (3) (a) (317 SE2d 853) (1984); see also *Wilson*, supra. "Negligence is not to be presumed, but is a matter for affirmative proof. In the absence of affirmative proof of negligence, we must presume performance of duty and freedom from negligence." (Citations and punctuation omitted.) *Johnson v. Critter Getters Exterminating Co.*, 194 Ga. App. 314, 316 (390 SE2d 434) (1990).

Applying these standards, we agree with the trial court that "[f]rom the evidence[,] . . . there [was not] a sufficient basis for the jury to draw a logical conclusion one way or the other as to where the fault lies. . . ." Mr. Innes does not know who placed the baffle pipe on the shelf from which it fell or when it was put there. He knows only that it fell from a top shelf behind him. Mr. Innes also admitted that his Express Services co-worker, Tom, had already cleaned the shelves behind him when the pipe fell and the cleaning involved retrieving, wiping off, and returning each object to the shelves. In addition, Mr. Innes testified that he never saw anyone from Dixie Service enter the storage area being cleaned except to look at the fire damage.

The Inneses have not cited any evidence that Dixie Service placed the pipe negligently on the shelves or that the storage shelf area was somehow unsafe. The record simply presents no evidence of any negligence or breach of duty by Dixie Service.

Apparently recognizing the dearth of evidence, the Inneses argue on appeal that this case falls within the doctrine of res ipsa loquitur. This doctrine "allows an inference of negligence to arise from the happening of an event causing an injury to another where it is shown that the defendant owned, operated and maintained, or controlled and was responsible for the management and maintenance of the thing doing the damage, and the accident was of a kind which, in the absence of proof of some external cause, does not ordinarily happen without negligence." (Citations and punctuation omitted.) *Hall v. Chastain*, 246 Ga. 782, 783 (1) (273 SE2d 12) (1980).

The record is clear, however, that Dixie Service did not have exclusive control over the objects shelved in the storage room at the

time of the injury. Instead, Mr. Innes, and his co-worker Tom, were retrieving these objects, cleaning them, and then returning them to the shelves. Mr. Innes' own testimony further reveals that Tom had already cleaned the shelf behind Mr. Innes, from which the pipe allegedly fell. Accordingly, the doctrine of res ipsa loquitur does not raise an inference of negligence in this case. The trial court properly directed a verdict for Dixie Service.

*Judgment affirmed. Johnson, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED FEBRUARY 12, 1997.

*Richard H. Taylor,* for appellants.

*Whelchel, Brown, Readdick & Bumgartner, Brenda K. K. Flexer,* for appellee.