[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff Dolores V. Palumbo brings this appeal from a decision of the Probate Court for the district of Waterbury. She contests the decision of the Probate Court to appoint John Villano, her twin brother, as executor of the estate of Rose Villano, their deceased mother. The Probate Court made the appointment over the plaintiff's objection.
By motion dated October 3, 1996, the plaintiff has moved to disqualify the law firm of Carmody and Torrance ("Carmody") from its representation of the estate of Rose Villano in this appeal. The plaintiff seeks such disqualification because: (1) Carmody is being paid with estate funds to defend this appeal; and (2) an alleged conflict of interest exists in that the plaintiff is a beneficiary of the estate and Carmody owes her a duty to protect her interests which is inconsistent with the fact that Carmody is defending this appeal. The plaintiff does not contend that there has been any misconduct by Carmody as counsel for the estate, only that there is an inconsistency in its duties. The estate disputes the alleged inconsistency in duties and further contends that the plaintiff is estopped from seeking disqualification of Carmody.
In her very brief memorandum in support of her motion, the plaintiff does not cite any case law, from Connecticut or elsewhere, to support her contention that Carmody should be CT Page 12248 disqualified in this case. She fails also to cite any provision of the Rules of Professional Conduct, which govern attorney conduct. In the court's view, a motion to disqualify opposing counsel ought not to be filed without substantial support in the law for such disqualification. The plaintiff here apparently lacks any support in the law for her claim of disqualification.
"The trial court has the authority to regulate the conduct of attorneys and has a duty to enforce the standards of conduct regarding attorneys . . . The trial court has broad discretion to determine whether there exists a conflict of interest that would warrant disqualification of an attorney." Bergeron v. Mackler,225 Conn. 391, 397 (1993). In deciding a claim of disqualification, the trial court must have regard for a client's right to choose his or her own attorney and the client's possible loss of time and money if he or she must find new counsel. Id., 397-398.
The plaintiff's first claim for disqualification is based on the fact that Carmody is being paid with estate funds to defend this appeal seeking the removal of the executor. The plaintiff cites no legal authority from any jurisdiction that holds that this is improper. In fact, several states have held contrary to the plaintiff's claim. An executor has a duty to defend an action for his or her removal and where no wrongdoing is found, the executor's counsel fees are properly chargeable to the estate. In re Estate of Hammond, 547 N.W.2d 36, 40
(Mich.App. 1996); Chester v. Bouchillon, 317 S.E.2d 525, 527 (Ga. 1984). The court finds no merit in the plaintiff's first claim.
The plaintiff's second claim is that Carmody cannot protect her interests as a beneficiary of the estate while defending this appeal, which the plaintiff has brought seeking the removal of the executor. The plaintiff cites no legal authority from any jurisdiction that holds that this situation presents a conflict of interest such that estate counsel should be disqualified. Generally, one of the purposes of disqualification of counsel is to protect against the inadvertent use of confidential information. Bergeron v. Macklin, supra,225 Conn. 397. The plaintiff makes no claim that Carmody possesses any confidential information of hers which might be inadvertently disclosed. She further fails to articulate any interest of hers which is at risk as a result of Carmody's representation of the estate. CT Page 12249
At best, the plaintiff's claim seems to be one of an appearance of impropriety, that it does not "look right" for Carmody to represent the estate and its beneficiaries while at the same time defending the claim of a beneficiary for removal of the executor. However, the appearance of impropriety standing alone is not sufficient grounds for the disqualification of an attorney where there is no claim that the representation involves a violation of the Rules of Professional Conduct.Bergeron v. Macklin, supra, 225 Conn. 400.
Because there is no merit to the plaintiff's request for disqualification, it is not necessary to address Carmody's estoppel claim. The motion to disqualify is denied.
VERTEFEUILLE, J.